UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GUSTAVO CORONEL-MORA,

    Petitioner,

v.

KEVIN RAYCRAFT, et al.,

    Respondents.

Case No. 25-cv-13644

Honorable Robert J. White

**ORDER TO SHOW CAUSE AS TO WHY THE PETITION FOR A WRIT OF HABEAS CORPUS SHOULD NOT BE TRANSFERRED TO THE WESTERN DISTRICT OF MICHIGAN FOR LACK OF JURISDICTION**

Petitioner Gustavo Coronel-Mora filed for a writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 1). Coronel-Mora alleged that Respondents have detained him without a bond hearing in violation of the Immigration and Nationality Act (INA). (*Id.*, PageID.2–4). He is currently detained at the North Lake Processing Center in Baldwin, Michigan. (*Id.*, PageID.4, ¶ 10). Baldwin is located within the Western District of Michigan. 28 U.S.C. § 102(b)(1).

The proper respondent to a habeas petition is "the person having custody of the person detained," otherwise referred to as the "immediate custodian." 28 U.S.C. § 2243; *see also Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004). Coronel-Mora identified Kevin Raycraft, the Acting Director of the Detroit Field Office of ICE's

Enforcement and Removal Operations division, as his immediate custodian. (ECF No. 1, PageID.6, ¶ 18). That decision reflects the Sixth Circuit's guidance in *Roman*. 340 F.3d 314, 322 (6th Cir. 2003) (ruling that the INS District Director is the proper respondent to a detained alien's habeas corpus petition). In prior hearings before the Court concerning similar immigration related habeas claims, the Respondents have relied on *Roman* for the proposition that jurisdiction is proper in the Eastern District of Michigan.

But in a decision issued after *Roman*, the Supreme Court held that the immediate custodian, and therefore the proper respondent, "is the warden of the facility where the prisoner is being held." *Padilla*, 542 U.S. at 435. In addition, the general rule for habeas petitions challenging present physical confinement is that "jurisdiction lies in only one district: the district of confinement." *Id.* at 443. Applying *Padilla*, then, the proper respondent here would be the North Lake Processing Center's warden and territorial jurisdiction would lie in the Western District of Michigan.

Since Coronel-Mora is the party who petitioned for habeas relief, the Court will order him to show cause as to why the Court should not transfer the case to the Western District of Michigan in light of *Padilla*. The Court will also order Coronel-Mora to address whether, and how, the Sixth Circuit's decision in *Roman* impacts

2

(1) the application of *Padilla*'s immediate custodian rule in this case and ultimately, (2) this Court's jurisdiction to entertain his petition. Accordingly,

IT IS ORDERED that Coronel-Mora must show cause, in writing, by **Wednesday, November 26, 2025**, as to why the case should not be transferred to the Western District of Michigan for lack of jurisdiction. The response must not exceed ten pages.

IT IS FURTHER ORDERED that Respondents may file a brief directed to the same issues by **Wednesday, November 26, 2025**. Respondents' brief should not exceed ten pages.

IT IS FURTHER ORDERED that in the event the parties agree that the Court lacks jurisdiction, they must submit a stipulated order transferring the case to the Western District of Michigan (through the CM/ECF utilities function) no later than **Wednesday, November 26, 2025**.

Dated: November 20, 2025       s/ Robert J. White
                               Robert J. White
                               United States District Judge